UNITED STATE DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| HTL MANUFACTURING PTE LTD,<br><br>    Plaintiff,<br><br>vs.<br><br>MARSCO, INCORPORATED f/k/a KANE FURNITURE CORPORATION,<br><br>    Defendants.<br>_____/ | Case No. |

**COMPLAINT**

Plaintiff, HTL Manufacturing Pte Ltd ("HTL" or "Plaintiff"), hereby sues Defendant Marsco, Incorporated f/k/a Kane Furniture Corporation ("Kane" or "Defendant"), and alleges as follows:

NATURE OF THE CASE

1. This action arises out of Kane's failure to pay approximately $738,539.90, plus interest, for furniture that it ordered and accepted from HTL. Despite receiving notification of amounts due, Kane failed to make payments to HTL, necessitating this action.

PARTIES

2. HTL is a Singapore corporation with its principal place of business in Singapore. Accordingly, HTL is a citizen of a foreign country for purposes of establishing this Court's diversity jurisdiction. At all relevant times, HTL was in the business of selling and distributing sofas and related furniture.

3. Defendant Kane is a Florida corporation, with its principal place of business in Tampa, Florida. In December of 2021, Defendant changed its name from Kane Furniture

Corporation to Marsco, Incorporated.  At all relevant times, Kane was in the business of marketing, advertising, and selling furniture.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this is an action between citizens of a state and citizens of a foreign state, there is complete diversity between Plaintiff and Defendant, and there is more than $75,000 in controversy, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S. C. § 1391 because Defendant does business and has its principal place of business in this district, and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff HTL is a distributor of upholstered furniture, which it sells globally.

7. Kane is a home furnishing business with 18 stores throughout Florida.

8. Kane has purchased upholstery furniture from HTL since 2009.

9. Between June of 2018 and February of 2019, Kane ordered from HTL and HTL delivered to Kane roughly 2,467 pieces of furniture, collectively worth $738,539.90 (the "Furniture").

10. These transactions were memorialized in writing through Kane's purchase orders (the "Purchase Orders") and HTL's invoices (the "Invoices" and together with the Purchase Orders, the "Sales Agreement").

11. True and correct copies of the Purchase Orders and Invoices are attached hereto as Composite Exhibits 1–34.

12. Kane agreed to the terms and conditions of the Invoices by accepting the Furniture delivered by HTL.

13. Pursuant to the Purchase Orders and agreement with Kane, HTL issued the following Invoices:

| Exhibit No. | Invoice No. | Invoice Amount | Invoice Date | Purchase Order No. | Purchase Order Date |
|---|---|---|---|---|---|
| 1. | 9210524312 | $25,605.00 | 08/23/2018 | 0517836 | 05/17/2018 |
| 2. | 9210525426 | $26,420.00 | 09/03/2018 | 0517837 | 05/17/2018 |
| 3. | 9210524717 | $25,815.00 | 08/27/2018 | 0626866 | 06/26/2018 |
| 4. | 9210525427 | $24,330.00 | 09/03/2018 | 0626867 | 06/26/2018 |
| 5. | 9210525986 | $26,370.00 | 09/10/2018 | 0626868 | 06/26/2018 |
| 6. | 9210526537 | $24,985.00 | 09/18/2018 | 0626869 | 06/26/2018 |
| 7. | 9210524157 | $18,205.00 | 08/20/2018 | 0627854 | 06/27/2018 |
| 8. | 9210524156 | $15,450.00 | 08/20/2018 | 0627855 | 06/27/2018 |
| 9. | 9210525072 | $27,510.00 | 08/30/2018 | 0628844 | 06/28/2018 |
| 10. | 9210525070 | $25,720.00 | 08/20/2018 | 0628845 | 06/28/2018 |
| 11. | 9210525071 | $16,530.00 | 08/30/2018 | 0629824 | 06/30/2018 |
| 12. | 9210525073 | $16,530.00 | 08/30/2018 | 0629825 | 06/30/2018 |
| 13. | 9210525429 | $18,015.00 | 09/03/2018 | 0629826 | 06/30/2018 |
| 14. | 9210525612 | $15,815.00 | 09/06/2018 | 0703882 | 07/03/2018 |
| 15. | 9210528255 | $22,485.00 | 10/08/2018 | 0711841 | 07/11/2018 |
| 16. | 9210525984 | $17,005.00 | 09/10/2018 | 0717862 | 07/17/2018 |
| 17. | 9210526139 | $17,515.00 | 09/13/2018 | 0717863 | 07/17/2018 |
| 18. | 9210526140 | $16,690.00 | 09/13/2018 | 0717864 | 07/17/2018 |
| 19. | 9210526868 | $16,690.00 | 09/20/2018 | 0717865 | 07/17/2018 |
| 20. | 9210526867 | $25,790.00 | 09/20/2018 | 0718846 | 07/18/2018 |
| 21. | 9210537036 | $26,957.59 | 12/18/2018 | 0718847 | 07/18/2018 |
| 22. | 9210537043 | $26,770.60 | 12/25/2018 | 0718848 | 07/18/2018 |
| 23. | 9210537035 | $23,278.09 | 12/18/2018 | 0718852 | 07/18/2018 |
| 24. | 9210537041 | $24,680.59 | 12/18/2018 | 0718853 | 07/18/2018 |

| | | | | | |
|---|---|---|---|---|---|
| 25. | 9210537045 | $26,990.61 | 12/25/2018 | 0718854 | 07/18/2018 |
| 26. | 9210528784 | $14,915.00 | 10/15/2018 | 0731865 | 07/31/2018 |
| 27. | 9210537047 | $26,215.10 | 12/25/2018 | 0921828 | 09/21/2018 |
| 28. | 9210537046 | $19,851.60 | 12/25/2018 | 0828884 | 08/28/2018 |
| 29. | 9210538158 | $15,088.61 | 01/01/2019 | 0921820 | 09/21/2018 |
| 30. | 9210538159 | $16,876.09 | 01/01/2019 | 0921822 | 09/21/2018 |
| 31. | 9210537042 | $26,143.61 | 12/18/2018 | 0921827 | 09/21/2018 |
| 32. | 9210537037 | $17,217.09 | 12/18/2018 | 0817828 | 08/18/2018 |
| 33. | 9210538157 | $25,808.10 | 01/01/2019 | 1005836 | 10/05/2018 |
| 34. | 9210535056 | $24,272.22 | 12/06/2018 | varied | varied |
| | Total Due: | $738,539.90 | | | |

14. Kane accepted the Furniture so ordered.

## COUNT 1 - BREACH OF CONTRACT

15. Paragraphs 1 through 14, above are realleged an incorporated herein.

16. HTL and Kane had a valid agreement as evidenced by the Purchase Orders, Invoices, and shipment of Furniture.

17. Specifically, Kane offered to purchase the Furniture from HTL by sending to HTL 34 separate Purchase Orders.

18. HTL accepted Kane's offer and shipped the Furniture to Kane.

19. Kane received and accepted the Furniture.

20. HTL issued the Invoices to Kane.

21. Full payment of the amounts stated on the Invoices was due and payable within 60 days of the Invoice date, and, after 90 days were subject to compounding interest at the rate of 1% per month.

22. Kane breached the Sales Agreement by failing to pay HTL pursuant to the terms of the Invoices.

23. Kane is indebted to HTL in the principal amount of $738,539.90, plus interest determined in accordance with the terms of the Invoices.

24. The Invoices are governed by English law.

25. HTL is entitled to an award of its attorneys' fees and costs.

26. All conditions precedent to the bringing of this action have been satisfied.

**WHEREFORE**, the Plaintiff, HTL, respectfully requests that the Court enter a judgment against Defendant in the principal amount of $738,539.90, plus pre- and post-judgment interest in amounts to be determined, attorneys' fees and costs, and any other relief that the Court deems appropriate and just.

## COUNT II - ACCOUNT STATED

27. Paragraphs 1 through 14, above are realleged and incorporated herein.

28. HTL and Kane had a series of transactions between them and, between June and February of 2019, Kane ordered from HTL and HTL delivered Furniture to Kane.

29. HTL processed and delivered the Furniture to Kane in accordance with its agreement with Kane, pursuant to which Kane agreed to pay HTL for the Furniture delivered.

30. Pursuant to the agreement between the parties, HTL issued and sent the Invoices, attached as Exhibits 1–34, to Kane, as itemized in paragraph 13 above.

31. Full payment of the amounts stated on the Invoices was due and payable within 60 days of the invoice date, and, after 90 days were subject to compounding interest at the rate of 1% per month.

32. Kane did not object to the Invoices within a reasonable time.

33. Kane, after proper notice and demand, failed to pay HTL the amounts due under the Invoices.

34. Kane is indebted to HTL in the principal amount of $738,539.90, plus interest determined in accordance with the terms of the Invoices.

35. All conditions precedent to the bringing of this action have been satisfied.

**WHEREFORE**, Plaintiff, HTL, respectfully requests that the Court enter a judgment against Defendant in the principal amount of $738,539.90 due under the Invoices, plus pre-and post-judgment interest in amounts to be determined, and any other relief that the Court deems appropriate and just.

## COUNT III - QUANTUM MERUIT

36. Paragraphs 1 through 14 above are reallaged and incorporated herein.

37. As an alternative to Count I, HTL alleges that an implied contract exists upon which HTL performed and Kane agreed to pay, and thus alleges quantum meruit.

38. HTL provided a benefit to Kane by providing it with $738,539.90 worth of Furniture.

39. Kane assented to and received a benefit from the shipment of the Furniture so ordered when it received and accepted the Furniture without paying the sales price of the goods.

40. Kane was fully aware that HTL expected to be compensated for the purchase and sale of the Furniture in full, as evidenced by the Sales Agreement.

41. A reasonable person in Kane's position would expect to pay reasonable compensation for the Furniture. Likewise, a reasonable person in HTL's position would expect to receive reasonable compensation for delivering the goods as ordered.

42. As a direct and proximate cause of Kane's failure to pay, HTL has suffered damages which have accrued and are continuing to accrue.

**WHEREFORE**, the Plaintiff, HTL Manufacturing, demands judgment against Defendant for actual damages of $738,539.90 plus prejudgment and post-judgment interests, attorneys' fees and costs, and for any other relief deemed just and proper.

COUNT IV - UNJUST ENRICHMENT (in the alternative)

43. Paragraphs 1 – 14 above are reallaged and incorporated herein.

44. In the event that HTL does not prevail on its legal remedies, such as its breach of contract claim or quantum meruit, HTL will lack an adequate remedy at law, and thus alleges unjust enrichment as an alternative.

45. HTL conferred a benefit on Kane by delivering the Furniture ordered.

46. Kane voluntarily accepted and retained the benefit HTL conferred; Kane received, accepted, and presumably sold the Furniture it ordered and received from HTL.

47. However, Kane failed and refused to remit the agreed upon payments pursuant to the Invoices.

48. It would be inequitable to permit Kane to retain the benefit of keeping the Furniture without paying the value thereof.

49. As a direct and proximate result of Kane's failure to pay for the Furniture, HTL has suffered damages, which have accrued and are continuing to accrue.

**WHEREFORE**, the Plaintiff, HTL Manufacturing, demands judgment against Defendant for actual damages of $738,539.90 plus prejudgment and post-judgment interests, attorneys' fees and costs, and for any other relief deemed just and proper.

Dated: April 29, 2022

        Respectfully submitted,

        By: <u>   /s/    Jodi Avila          </u>

        Jodi Avila
        Fla. Bar No. 102787
        Jodi.avila@bakermckenzie.com
        BAKER & McKENZIE LLP
        1111 Brickell Avenue, Suite 1700
        Miami, Florida  33131
        Tel:  (305) 789-8900
        Fax: (305) 789-8953

        *Attorney for Plaintiff, HTL Manufacturing Pte Lt.*